# EXHIBIT A

IN THE CIRCUIT CIVIL COURT IN AND FOR
MIAMI-DADE, FLORIDA

CIVIL DIVISION

CASE NO.:

**MARIA AMALIA MAZO MORALES**, and
all others similarly situated under 29 U.S.C. §
216(b),

   Plaintiff,

   vs.

**EL INDIO BAKERY AND CAFETERIA
CORP.**, a Florida Corporation and
**HEIDI PEREZ CASTANEDA**, an
individual,

   Defendants.
_____/

## COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, **MARIA AMALIA MAZO MORALES**, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants, **EL INDIO BAKERY AND CAFETERIA CORP.** and **HEIDI PEREZ CASTANEDA**, and alleges:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This Court has jurisdiction concurrent with the Federal Courts under 29 U.S.C. § 216(B). This case involves damages in excess of $15,000 exclusive of attorney's fees and costs.

2. The Plaintiff MARIA AMALIA MAZO MORALES was a resident of Miami-Dade County, Florida at the time the dispute arose and is *sui juris*.

3. The corporate Defendant, EL INDIO BAKERY AND CAFETERIA CORP is a corporation that regularly transacts business in Miami-Dade County. Upon information and belief, the Defendant Corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of employment ("the relevant time period").

4. The individual Defendant, HEIDI PEREZ CASTANEDA, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203(d) for Plaintiff's respective period of employment ("the relevant time period").

5. Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County, Florida, at the time the dispute arose, the Defendants do business in Miami, Florida, and a substantial part of the events giving rise to these claims occurred within Miami-Dade County, Florida.

6. Plaintiff worked for Defendants as a food preparer and distributer from on or about March 14, 2018 through on or about July 14, 2019.

7. The acts and/or omissions giving rise to this Complaint arose in Miami-Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

8. Plaintiff realleges the factual and jurisdictional statements in paragraphs 1-7 as though fully set forth herein.

9. This action arises under the laws of the United States.

10. This case is brought as a collective action under 29 USC § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section 216 for jurisdictional placement).

12. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

13. Plaintiff worked for Defendants as a food preparer and distributer from on or about March 14, 2018 through on or about July 14, 2019.

14. As a food preparer and distributer, Plaintiff's job duties required of her by Defendants, along with other employees, included, but were not limited to, preparing food for medical clinics, packing food for medical clinics, packing desserts for

customers. The foods sold by Defendants are traditional Hispanic foods consisting of rice, beans, vegetables, salads, meat dishes, poultry dishes, desserts and other such imported/exported goods or materials.

15.  Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

16.  Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

17.  Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2018 and 2019.

18.  Individual Defendant HEIDI PEREZ CASTENADA was Plaintiff's individual employer for the time period alleged herein, pursuant to 29 U.S.C. §203(d) as set forth above.

19.  Between the period of on or about March 14, 2018 through on or about July 14,

2019, Plaintiff worked approximately 40 overtime hours per week for Defendants and was not paid the extra half time rate for each hour worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate required by the Fair Labor Standards Act.

20. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE**, Plaintiff requests liquidated damages and reasonable attorney fees from Defendant under to the Fair Labor Standards Act (FLSA), Fla. Const. art. X § 24, Fla. Stat. § 448.109, and any other applicable authority, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. **The Plaintiff requests a trial by jury.**

          Respectfully submitted,

          LISA KUHLMAN
          J. H. ZIDELL, P.A.
          ATTORNEYS FOR PLAINTIFF
          300 71ST STREET, SUITE 605
          MIAMI BEACH, FLORIDA 33141
          T: 305-865-6766
          F: 305-865-7167

          By: __/s/ Lisa Kuhlman_____
              Lisa Kuhlman, Esq.
              Florida Bar No.: 0978027